MAYER, Circuit Judge,
dissenting.
In my view there are two profound errors in the court's disposition of this case. First, it violates the sound jurisprudential precept of stare decisis: when a court makes a decision, especially construing a statute, it should not revisit the issue absent extraordinary circumstances. Second, for the reasons amply explained in Ulmet v. United States, 822 F.2d 1079 (Fed.Cir. 1987), whatever Congress thought it was *537 doing when it revised 10 U.S.C. § 1163(d) in 1962, and notwithstanding the Army’s wishful administrative gloss, the statutory language does not support today’s belated interpretation.
Only recently, in Patterson v. McLean Credit Union, 491 U.S. -, -, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989), the Supreme Court reemphasized the importance of stare decisis in preserving the rule of law and in ensuring that its evolution is not subverted by arbitrariness:
The Court has said often and with great emphasis that “the doctrine of stare decisis is of fundamental importance to the rule of law.” Although we have cautioned that “stare decisis is a principle of policy and not a mechanical formula of adherence to the ’atest decision,” it is indisputable that stare decisis is a basic self-governing principle within the Judicial Branch, which is entrusted with the sensitive and difficult task of fashioning and preserving a jurisprudential system that is not based upon “an arbitrary discretion.”
Our precedents are not sacrosanct, for we have overruled prior decisions where the necessity and propriety of doing so has been established. Nonetheless, we have held that “any departure from the doctrine of stare decisis demands special justification.” We have said also that the burden borne by the party advocating the abandonment of an established precedent is greater where the Court is asked to overrule a point of statutory construction. Considerations of stare decisis have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free to alter what we have done. [Citations omitted.]
To be sure, the Court posited situations that might be seen as special justification for overruling an earlier construction of a statute, id. at-, 109 S.Ct. at 2370, but none of them applies here. Our court alludes to the 1987 amendment to section 1163(d), but does not suggest that it purported to change the statute as it stood between 1962 and 1987. At best some of the legislative history suggests an attempt by one or two legislators to give a meaning to the law its wording will not sustain. The fact is, however, that in the 1962 recodification “active duty for training” was included in the definition of “active duty.” The drafters may not have intended a substantive change, but that is what they wrought. This is not an intervening legislative development which removes or weakens the “conceptual underpinnings” of an earlier decision, id. at -, 109 S.Ct. at 2370, the nearest thing to justification for today’s ruling. Whether the 1987 amendment undercut Ulmet's conceptual underpinnings would depend on whether it were effective retroactively. If so, Ulmet would be superseded; if not, then Ulmet should continue to control the diminishing number of cases that may have arisen between 1962 and 1987. Because it contains no language of retroactivity, the amendment is prospective only.
There are two conflicting lines of Supreme Court cases dealing with retroactivity. The shorter and more recent line culminates in Bradley v. Richmond School Board, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974), which held that the law in effect at the time a court renders judgment applies unless it would result in manifest injustice or there is statutory direction or legislative history to the contrary. The longer, historical line of cases, of which Bowen v. Georgetown University Hospital, 488 U.S. 204, 208,109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), is the current standard-bearer, says that absent specific direction to the contrary, a new statute applies prospectively only. See Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S.-,-, 110 S.Ct. 1570, 1579, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring). In Sargisson v. United States, 913 F.2d 918, 922-23 (Fed.Cir. 1990), we cast our lot with the Bowen camp, which has the benefit of fairness and common sense.
One legislator said of the 1987 amendment that it “restores” (that is to say, puts back what was left out) the pre-1962 cover *538 age of section 1163(d). 133 Cong.Rec. S18344 (daily ed. Dec. 17,1988) (remarks of Sen. Glenn). But the fact remains that until 1987 the plain meaning as this court concluded in Ulmet was that active duty for training counted in qualifying for sanctuary. It was not apparent that Congress had a different rule in mind until 1987. Even then, if it wanted to make the amendment retroactive, it could have included words suitable to that purpose. Accordingly, the 1987 amendment does not justify overruling Ulmet. The court’s contrary action is tantamount to retroactive application of the statute as amended in 1987 to facts arising in 1983 in the absence of congressional direction.
The same arguments that the court adopts today were made and rejected in Ulmet Perhaps today’s decision is the better policy. But the trouble is, through intention or inattention, it is not what Congress wrote. It is not our office to legislate the “better” policy. Tennessee Valley Auth. v. Hill, 437 U.S. 153, 194, 98 S.Ct. 2279, 2301, 57 L.Ed.2d 117 (1978). Our duty is to apply what Congress enacted, not what we think it should have enacted. And this is doubly true when we are overruling an earlier decision for no better reason than that a group of judges is persuaded by arguments that did not earlier prevail before another group of judges.
Federal Rule of Appellate Procedure 35(a) says that there are two prime reasons for taking a case en banc: “(1) when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance.” This case satisfies neither of them. There is, of course, no conflict between Ulmet and any other case in this court (or the Supreme Court, see Fed.Cir.R. 35(a)). Nor is this a “question of exceptional importance.” As far as we can tell, it has affected only a handful of officers in 25 years and, until Ulmet, never even reached a court of appeals.
But the undoing of Ulmet is a matter of exceptional importance. It is a pernicious practice which the rule of stare decisis is meant to avoid, and ensures that little in this court will ever be settled. It thwarts those who might otherwise order their affairs on the basis of our putatively definitive judgments, especially on subjects for which we are the only appellate court short of the Supreme Court. It holds out to litigants the likelihood that the court may change its mind on any matter, large or small, seemingly on whim, and will incite appeals in the face of supposedly settled precedents without any special justification, a practice we already bemoan.
A final, unrelated, infirmity in this case is the composition of the court in contravention of 28 U.S.C. § 46(c). Our internal procedures require circulation of draft dispositions to the entire court, during which time a panel is free to modify, augment, withdraw or, indeed, reverse its tentative judgment and opinion. Accordingly, until disposition of a case is announced to the public, it is not “decided.”
The panel in this case circulated a draft which accommodated Ulmet. When the case was taken en banc sua sponte by the court after at least one member of the panel belatedly changed his mind, the panel’s draft disposition became null and this entirely new disposition of the case ensued. There having been no “decision” of the court issued by the panel that originally heard it, the case is now proceeding as though on hearing en banc not re hearing en banc. Section 46(c) does not contemplate senior judges sitting on hearings en banc. In my view, the judgment is therefore invalid. Cf. United States v. American-Foreign Steamship Corp., 363 U.S. 685, 691, 80 S.Ct. 1336, 1340, 4 L.Ed.2d 1491 (1960) (vacating judgment reached by illegally composed en banc court of appeals under earlier version of section 46(c)).
I respectfully dissent.